Safety Electric Construction Company, Appellant, *v.* Henry Creamer, Respondent.

*Action, enjoining the enforcement of a forfeiture, when maintainable — a complaint asking for an accounting, which is not necessary, must be dismissed.*

A suit to enjoin the defendant from the enforcement of a forfeiture or from molesting the plaintiff in its business of manufacturing and selling goods under a license given it by the defendant, after a due and formal tender made and kept good of the amount admitted to be due, is proper, and if the allegations of a complaint so framed are found to be true, relief will be granted. Where, however, the complaint in the action is framed so that if there is no right to an accounting there is no right to any part of the specific relief sought, the complaint must be dismissed, if, by the plaintiff's own showing, there is nothing to be accounted for.

Appeal by the plaintiff, the Safety Electric Construction Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of June, 1893, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits.

There were two causes with the above title, in only one of which an appeal was taken.

*Gustavus W. Rawson*, for the appellant.

*John A. Straley*, for the respondent.

Judgment affirmed, with costs, on opinion of Special Term.

Present — Van Brunt, P. J., Follett and Parker, JJ.

The opinion of the Special Term was as follows:

Patterson, J.:

These causes were virtually tried together, it being stipulated that the evidence taken on the hearing should, so far as it was applicable, relate to both.

### Action No. 1.

This action was brought in the first instance for an accounting under a contract entered into between the parties, by which, among other things, the plaintiff was to pay the defendant, in addition to

fixed guaranteed royalties payable weekly, a certain percentage of profits on articles to be manufactured by it under a license granted by the defendant, a patentee of an important invention used in connection with steam machinery. The contract provided that in default of payment within a certain time after notice, the license should be forfeited. The original complaint alleges distinctly that all guaranteed royalties were paid up to a certain date and that no profits were made ; but that the defendant claimed profits had accrued ; that an inspection of plaintiff's book had been offered ; that an examination of a long and complicated account would be necessary to ascertain whether any profits had arisen ; that the defendant threatened to enforce the forfeiture and the prayer for relief was for accounting, etc. An injunction was not asked for. A supplemental complaint (so called) was served, and therein it was asked that it be judicially ascertained whether anything is due from the plaintiff to defendant, and, if it be found that there is, that the plaintiff *be allowed a reasonable time within which to pay it, and that upon such payment being made the defendant* " be forever barred from all right to forfeit said contract and from *claiming or attempting to claim* a forfeiture thereof for any matter or thing done previous to the beginning of this action," etc.

To say the least this is a very peculiar suit. Its basis is an asserted right to an accounting under a state of facts, as presented by the plaintiff itself, conclusively showing that no accounting is necessary for any legitimate purpose in enforcing a right inhering in or belonging to it. The complaint sets forth distinctly an offer of payment of guaranteed royalties (this offer not amounting, indeed, to an actual tender), and that it (the plaintiff) " *has made no profit whatever out of said contract, and that it has lost many thousands of dollars thereunder.*" The accounts were kept by the plaintiff ; the defendant had nothing to do with them. The distinct averment of the complaint is that nothing was owing the defendant except guaranteed royalties from a certain date. Why should the plaintiff have an accounting with the defendant when it owes him nothing, except a certain fixed sum, and nothing under any possible circumstances, according to its own statement, could be demanded beyond that sum? A suit to enjoin the defendant from enforcing the forfeiture or from molesting the

plaintiff in its business of manufacturing and selling goods under the license, and after a due and formal tender made and kept good, of what was admitted to be due, might be proper, and, if the allegations of a complaint *so framed* were found to be true, the relief should be granted.  As originally brought, it must be conceded that this action is not of that character.  It was so held by the General Term on the appeal from the order maintaining the temporary injunction.  Under prayer for relief in the supplemental complaint the scope of the action is perhaps somewhat enlarged — but whether that be so or not, *as this action is framed*, if there is no right to an accounting, there is no right to any part of the specific relief sought.  It could only be appropriate after an accounting *as the complaint stands*, and, by the plaintiff's own showing therein, there is nothing to be accounted for.

The complaint, therefore, must be dismissed, with costs.

### ACTION No. 2.

This action is of a very different character from that already considered.  By the averments of the complaint it is one properly instituted to obtain injunctive relief against the consequences (or acts of the defendant naturally to be anticipated in consequence) of a threatened forfeiture ; and the averments referred to are intended to show that a court of equity should interfere.  The case is in no way presented as one of infringement of a patent, but simply as one affecting the right or title to a license under a patent.  It seems to have been advisedly brought and upon recognition of the probable futility of the prior suit.  It will be useful to consider precisely what this second action involves.  After the formal statement of the relations of the parties the complaint sets forth that under a contract between them a certain percentage of profits was to be paid by the plaintiff to the defendant (in addition to a guaranteed sum) dependent upon the realization of such profits from the sale of machines to be manufactured under an exclusive license granted by the defendant ; that the guaranteed royalties were paid up to a certain date ; that after that date they were not paid for a time, but that under a clause in the contract allowing them to be paid within sixty days after notice, a tender within the time was duly made sufficient to avoid a forfeiture ; that no profits, as such, over and

above the guaranteed amount were made; that the defendant seeks to enforce the forfeiture notwithstanding the tender; that large amounts have been expended by the plaintiff in establishing a plant, etc., and that irreparable injury would ensue from the enforcement of the forfeiture, the revocation of the license, etc. The prayer for the relief is for an injunction perpetually restraining the defendant from doing certain things or claiming or announcing certain things in connection with the asserted forfeiture. There are several defenses interposed, one of. them being the pendency of action No. 1. As I look at the two suits, they are not similar; that is to say, they are not identical in subject-matter, in such a complete technical sense, as to make the pendency of the first a bar to the prosecution of the second, and that there may be no mistake as to the full scope of this ruling, we will consider that, although the two actions were tried together, this, No. 2, was the first reached on the calendar. As already suggested, the earlier suit was for relief, depending altogether upon an accounting being decreed, while the second is for relief on the whole case and to prevent a forfeiture under a state of facts having no relation whatever to a mere antecedent accounting between the parties. Another defense is, that the defendant had the right to terminate the contract by giving the sixty days' notice that the plaintiff had not complied with its provisions. It is not important to consider the effect of the terms of the notice as limiting the defendant's right to claim a forfeiture to one specified ground. . I think the proper construction of the contract is, that net profits were to be computed on all machines manufactured, and not on each separately. In other words, that while some might have paid a profit, others were disposed of at a loss or not sold at all, or, if sold, rejected by the purchaser and returned, and that the parties contemplated net profits on the business, and it is sufficiently shown by the proofs that when the defendant gave his notice there was nothing owing the defendant except the unpaid guaranteed monthly royalties. The remaining question of fact relates to them. They were not paid, and the defendant had a clear right to give the sixty days' notice. But before the expiration of the time a tender of the amount was duly made. Although there is a very serious conflict of testimony on this subject I am compelled to find that such tender was made. Mr. Mitchell and Mr. Allen both swore

to it. The former, a lawyer knowing what was required to make a valid or sufficient tender, testifies in detail to all the circumstances attending it and as to the preparations he made — even by taking the numbers of the bank notes both for making it and for preserving proof of it. He positively swears that he offered the money to the defendant, and Allen, a business man, intent upon the proper and technical accomplishment of the purpose, and who accompanied Mitchell, corroborates him fully. The defendant denies that any tender was made, but it seems to be clear that at the time his great anxiety was to make evidence for himself, anticipating that some technical matter was in hand which it is more than likely he did not understand. The testimony of the women called to sustain him (although undoubtedly intended to be truthful) is that of an inexperienced person, who probably, in the confusion of the defendant's race (according to his own account) for witnesses to an impending interview, did not comprehend exactly what was going on, and that seems to be absolutely so from the manner in which Annie Henderson gave her testimony.

On the whole case, as to this action No. 2, I think plaintiff is entitled to a decree which should provide for an injunction on the payment of the fixed weekly royalties or the deposit thereof. The action could not be maintained simply as one to enjoin the defendant from representing or stating that the license was forfeited, but the relief, enjoining the enforcement of the claimed forfeiture by the defendant making or granting a new license to some one else, which would introduce other parties, who could claim adversely to the plaintiff; the exclusive right given them, is a matter within the jurisdiction of this court. It does not affect the power of the defendant to sell or assign his patent subject to the plaintiff's license, but simply maintains the right of the plaintiff under the license given it. Whether the decree should contain other provisions in favor of either party, especially as to the payment of guaranteed royalties up to the time of trial, is a subject which may require consideration, and I will hear counsel concerning it on the settlement of the decree, which may be done on two days' notice. Meantime, the rulings upon findings proposed will be suspended, as, in view of what is here said, each party may desire to modify the findings presented, or submit additional ones.